BEATRICE M. JENKINS, *ET AL.*, PETITIONERS-APPEL-
LANTS, v. THE TOWNSHIP OF MORRIS SCHOOL DIS-
TRICT AND BOARD OF EDUCATION, RESPONDENT-
RESPONDENT, AND THE TOWN OF MORRISTOWN
SCHOOL DISTRICT AND BOARD OF EDUCATION, RE-
SPONDENT AND CROSS-PETITIONER-APPELLANT, AND
THE BOROUGH OF MORRIS PLAINS BOARD OF EDUCA-
TION, RESPONDENT AND CROSS-PETITIONER.

February 23, 1971.

*Mr. Frank F. Harding* for appellants Beatrice M. Jenkins,
*et al.* (*Messrs. MacKenzie and Harding,* attorneys).

*Mr. Victor H. Miles* for respondent Morris Township Board
of Education.

*Mr. Stephen B. Wiley* for appellant Morristown Board of
Education.

*Mr. Paul Bangiola* for respondent The Borough of Morris
Plains Board of Education.

*Mrs. Virginia Long Annich,* Deputy Attorney General, for
Commissioner of Education (*Mr. George F. Kugler, Jr.,* At-
torney General of New Jersey, attorney).

(1)

FRANCIS, J. (dissenting). Our Court should not grant the motion for certification and thus accept immediate jurisdiction of this controversy. I use "controversy" advisedly because at the present time there is no "case" in the judicial sense which justifies our intrusion into the matter. Our Court is an appellate tribunal; the New Jersey Constitution and statutes as well as our own rules make it so. A vital principle, which must be adhered to if we are to fulfill our function as a separate department of government, is that there must be a final judgment in a lower court or an appeal properly pending in the Appellate Division from a final order of an administrative agency before we can or should agree to exercise our power of review. In this instance, not only is there no judgment in a lower court, but there is no appeal properly pending in the Appellate Division, and most important, there is no final decision or order in the administrative agency, the State Board of Education, which now has jurisdiction over the controversy.

The State Board of Education is in a separate branch of the government, and it has the duty to decide the appeal pending before it from the decision of the Commissioner of Education. Until that decision eventuates, no party can acquire a right to review in the Appellate Division simply by ignoring the State Board proceeding and by a *pro forma* filing of a notice of appeal. Nor can such a *pro forma* filing provide the springboard for an immediate application to the Supreme Court to draw the matter into its own hands for decision. Such a course of action reduces to an empty formula the long standing doctrine requiring exhaustion of administrative remedies before court intervention should be sought.

When the Commissioner of Education rendered his decision on the basic issue presented to him, an appeal was taken therefrom to the State Board of Education, as the appropriate statute required. That appeal is still pending. There is no provision in any law anywhere authorizing the party who is appealing to by-pass the State Board and to appeal

directly to the Appellate Division from the Commissioner's determination. Yet when the State Board advised appellants that it had not found time to hear the appeal, they decided not to await action by that tribunal. They decided instead that they would simply ignore their pending appeal there and seek an immediate review of the Commissioner's decision in the Supreme Court. I consider the suggestion of the State Board of Education that it could not find time in the past several weeks to hear and decide the appeal pending before it to be a frivolous one, and I cannot escape the feeling that its failure to do so was motivated by a desire to escape the performance of a duty (which no matter how onerous or tension-charged) it had the obligation to perform. And, so far as this Court is concerned, I know of no case where, in the face of an appeal pending before the State Board of Education, we have reached down at the request of one side of the controversy and taken the matter out of the Board's hands before a decision was reached there. If for no reason other than a therapeutic one, I would direct that the State Board determine the appeal promptly, following which either party could (after filing a notice of appeal in the Appellate Division) reapply to us for certification.

The Morris Township Board of Education objects to our certification at this time. I agree that, under the controlling statute prescribing intra-agency appeals, it is entitled to a decision by the State Board of Education before we should intrude in the controversy. In previous local school board controversies arising out of racial imbalance problems, we have looked to the Commissioner and to the State Board for the basic decision in the case. For example, in *Booker v. Board of Education, Plainfield,* 45 *N. J.* 161 (1965) the majority of the Court reversed the agency decision because the Commissioner had underestimated the scope of his authority and his duty to review and supervise actions of local boards of education when problems of racial imbalance among students were involved. After pointing out the broad boundaries of his statutory power, the cause was remanded

for further study and decision in light of the views expressed in the opinion. The separate opinion written for two members of the Court, who concurred in part and dissented in part, agreed with the remand of the case, and said among other things:

> I am convinced that this approach [as described therein] is the only sound and proper one from every angle, including the legal one, and further that its implementation belongs in the first instance with school authorities at the local and state levels rather than with the courts. I for one, and I would think judges generally, have no special competence and the courts have no proper function in matters of educational policy or the manifold details of school administration. These belong with the local school board and the state education department. The judicial role should be confined to its usual one of review of administrative action, deciding only whether that action is legally or factually unreasonable or arbitrary. 45 *N. J.* at 184–85.

Under the circumstances of this case, and particularly because the majority of the Court has stayed the referendum on the school construction bond issue scheduled for March 4, 1971, I hold the view that the Board of Education should be given a further period of time within which to decide the appeal now before it and that the petition for certification should be denied until that decision is rendered.

*For granting of certification*—Chief Justice WEINTRAUB and Justices JACOBS, PROCTOR, HALL and SCHETTINO—5.

*For denial of certification*—Justice FRANCIS—1.